### In re AMERICAN ACOUSTICS, Inc.
### No. 6672a.

United States District Court
D. New Jersey.
Oct. 11, 1949.

608

Young, Shanley, Foehl & Fisher, by Harold H. Fisher, Newark, N. J., attorneys for debtor.

Larkey, Mareiniss & Snyder, by Barney Larkey, Newark, N. J., attorneys for trustee.

FAKE, Chief Judge.

In the instant issue a question is raised, by petitioner, as to whether a certain account receivable passed anything to the petitioner as the purchaser of debtor's assets. It appears that in continuing the debtor's business, the trustee had opened an account with Mutual International Corporation, and at the time the sale of the accounts receivable was consummated by acceptance, that particular account disclosed the sum of $2,479.84 as due to and receivable by the trustee from the said Mutual. At the same time there was due on an account payable by the trustee to the said Mutual the sum of $3,972.99. Had the items been posted or audited at the time of the sale to petitioner it would have appeared on the books that the trustee was actually indebted to the said Mutual in the sum of the difference between the above figures, to wit: $493.15.

The petitioner submitted an offer in writing for the debtor's assets, dated April 1, 1948. It covered, so far as at all pertinent here, all the personal property and good will of the debtor, expressly including "accounts receivable * * * free and clear of all liens and encumbrances covering said assets" and " * * * all cash received from and after April 1, 1948 shall belong to and be the property of the offeror."

As to whether or not the petitioner had knowledge of the fact that trustee was indebted to the said Mutual in the sum of $3,972.99 at and before the acceptance of their offer, the testimony disclosed that the petitioner was represented at the closing by one Lennard, an officer of petitioner, and by occupation a Certified Public Accountant. On direct examination he testified that at the time of the closing he was shown a statement of the accounts receivable, and among the items was one showing the sum of $2,479.84 due to the trustee from Mutual International Corp. On cross examination he was asked: "Did you receive also a sheet showing accounts payable?

"The witness: A. I did.

"Q. Did you have that before you. A. I did.

"Q. At the time you made the offer? A. Correct.

"Q. And you know that the trustee owed Mutual International some thirty-nine hundred dollars at that time? A. That is correct."

It then is again repeated that when petitioner was furnished with a list of bills receivable, a list of bills payable was also furnished.

The point is made that the offeror was not to be charged with the trustee's obligations as to bills payable. This is true, as a general statement, but it leads, under the facts above disclosed, to the question as to whether in truth and fact there was any bill receivable from the said Mutual. The facts here show that there was no such receivable item, nor did the trustee hold out to the offeror that there was such a receivable. When the trustee furnished not only the list with a receivable due from Mutual, but also a list showing a bill payable by them to Mutual, the petitioner had not only constructive, but also actual notice, that the one set off against the other left nothing receivable, and that contrariwise the trustee was actually liable for a balance due to Mutual.

It thus appearing upon analysis that there was in fact no account due from the said Mutual to the trustee, and that the figures furnished to the petitioner constituted a full disclosure to a certified public accountant representing petitioner, it cannot be found that anyone was deceived. Nor can it be found from the facts that the item in question was covered by the warranty as free and clear. It had no existence.

The prayer of the petition is denied.